■ BLACK & DECKER (U.S.), INC., Petitioner, v NEW YORK STATE DEPARTMENT OF LABOR INDUSTRIAL BOARD OF APPEALS et al., Respondents.—Determination unanimously modified on the law and as modified confirmed without costs, in accordance with the following Memorandum: Petitioner challenges the Board's determination ordering it to pay vacation benefits for the year 1987 to petitioner's former employees at the Brockport, New York plant who, in conjunction with the closing of the plant at the end of 1986, were terminated between December 21 and 31, 1986. Petitioner contends that the hearing record does not contain substantial evidence to support two of the Board's findings: first, the Board's determination to apply the vacation policy applicable to employees in petitioner's Allentown, Pennsylvania plant; second, the Board's interpretation of the Allentown vacation policy to award 1987 vacation pay to those employees terminated before December 31, 1986. There is ample evidence in the record to support the Board's determination that the Allentown policy controls. Nevertheless, the Board's determination must be annulled in part because it is based on an erroneous and irrational interpretation of the Allentown vacation policy. The Board determined that, because the "claimants worked or received earnings during the last full week of (the) 1986 calendar year" (i.e., December 21-26), they were "entitled to vacation benefits * * * for the following year". The Board's interpretation thus disregards the primary requirement for eligibility, which is that the employee must have unbroken continuity of service "as of December 31 or the last scheduled workday in the last week of the year immediately preceding the vacation year". In our view, a plain reading of that requirement is that, in order to be eligible for vacation pay for the next year, an employee must have been on the payroll either on December 31, or, where December 31 falls on a weekend, on December 29 or 30. In 1986, December 31 fell on a Wednesday; thus, petitioner's former employees are entitled to 1987 vacation pay only if they remained on the payroll on December 31. The Board's determination must therefore be annulled insofar as it awarded 1987 vacation benefits to any

workers terminated prior to December 31, 1986. Petitioner concedes its obligation to pay vacation benefits to two workers terminated on December 31. (Article 78 Proceeding Transferred by Order of Supreme Court, Monroe County, Rosenbloom, J.) Present—Callahan, A. P. J., Denman, Green, Balio and Davis, JJ.